**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**Roman Cisneros AGUILAR, a/k/a Roman Aguilar-Cisneros and Roman Cisneros Aguilar, Defendant—Appellant.**

No. 06–50036.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 2, 2008.

Filed Dec. 3, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Mary C. Andreus, Esquire, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth Newman, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: WARDLAW, W. FLETCHER, and PAEZ, Circuit Judges.

## MEMORANDUM *

Roman Cisneros Aguilar was sentenced to a 77–month prison term and a three-year period of supervised release based on his conviction for illegally reentering the United States after being deported under 8 U.S.C. § 1326. He appeals his sentence on several grounds. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

1. We review a district court's sentencing decision for reasonableness. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc) (citing *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2459, 168 L.Ed.2d 203 (2007)). A sentence is unreasonable if the court commits procedural error, such as basing its sentencing determination on "clearly erroneous facts." *Id.* We conclude, however, that the court's comments at issue in this appeal did not constitute factual findings, and, therefore, that it did not commit procedural error by basing its sentence on erroneous facts.

We also conclude that the district court did not impermissibly base its sentencing determination on Aguilar's constitutionally protected practices and beliefs. Indeed, Aguilar requested the court to consider his family relationships in the United States as a part of its sentencing determination. Further, Aguilar failed to present any evidence that the district court considered Aguilar's religious beliefs in making its determination. Therefore, we reject Aguilar's challenge to the reasonableness of his sentence.

2. Next, Aguilar argues that the statute under which he was sentenced, 8 U.S.C. § 1326(b), is unconstitutional because it permits a court to increase the statutory maximum sentence based on a judge's finding of a prior conviction. This argument, however, is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See also United States v. Rodriguez–Lara*, 421 F.3d 932, 949–50 (9th Cir.2005).

3. Aguilar also challenges two conditions imposed upon him as part of his supervised release, arguing that the conditions violate his Fifth Amendment right to be free from forced self-incrimination. Aguilar did not object to the imposition of these conditions at the sentencing hearing, so we review for plain error. *United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 772 (9th Cir.2006), *cert. denied*, ——

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S. ——, 129 S.Ct. 290, 172 L.Ed.2d 212 (2008).

The first condition challenged by Aguilar requires that "within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the United States Probation Office." Aguilar argues that this condition violates his Fifth Amendment right against self-incrimination because it places him in a "classic penalty situation" as described in *Minnesota v. Murphy,* 465 U.S. 420, 434–35, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984). He argues that he is faced with an impermissible choice of either reporting to his probation officer upon reentering the country and thereby incriminating himself in another violation of the illegal reentry statute, or refusing to report and, as a result, facing the possible revocation of his supervised release. His argument, however, is foreclosed by *United States v. Rodriguez–Rodriguez,* 441 F.3d at 772. The court did not commit plain error by imposing this condition.

Aguilar also argues that a second condition of supervised release, which requires that "the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer," presents a similar penalty situation that violates his Fifth Amendment right. In light of our decision in *United States v. Abbouchi,* 502 F.3d 850, 859 (9th Cir.2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 1462, 170 L.Ed.2d 289 (2008), we conclude that imposition of this condition was not plain error. In *Abbouchi,* we held that it was premature to decide the defendant's challenge to the same "answer truthfully all inquiries" condition of supervised release, because "[n]othing prevent[ed] Abbouchi from raising a Fifth Amendment issue should it arise." We note the apparent tension between *Abbouchi* and our decision in *United States v. Saechao,* 418 F.3d 1073 (9th Cir.2005). We also believe that the "answer truthfully all inquiries" condition presents a serious constitutional question, but we leave that issue for another day.

**AFFIRMED.**